UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 2:16-cv-14207-RLR

VIALLE GROUP, B.V.,

      Plaintiff,

vs.

GREEN WING GROUP, INC. and
SEAN P. BARRETT,

      Defendants.
_____/

**PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' INSUFFICIENT AFFIRMATIVE DEFENSES AND IMMATERIAL, IMPERTINENT, AND SCANDALOUS ALLEGATIONS IN DEFENDANTS' COUNTERCLAIM**

      Plaintiff Vialle Group, BV, ("Plaintiff"), pursuant to Rule 12(f), Fed.R.Civ.P., hereby moves to strike all ten (10) affirmative defenses filed by Defendants since they fail to give the Plaintiff fair notice of the nature of the defenses and they are insufficient as a matter of law. Plaintiff further moves to strike those averments numbered 37-38 in Defendant's Counterclaim as immaterial, impertinent, and scandalous. In support hereof, Plaintiff states the following:

      1.     A court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f).

      2.     A defense is insufficient if "(1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Perlman v. Wells Fargo Bank, N.A.*, 2014 WL 4449602, at *1 (S.D. Fla. Sept. 10, 2014) (quoting *Pujas ex rel. El Rey De Los Habanos, Inc. v. Garcia*, 777 F.Supp.2d 1322, 1328 (S.D. Fla. 2011)).

      3.     "A defense is also insufficient if it does not fulfill the pleading requirements of Federal Rule of Civil Procedure 8(a), requiring a 'short and plain statement' of the defense." *Id.* (quoting *Losada v. Norwegian (Bahamas) Ltd.*, 296 F.R.D. 688, 691 (S.D. Fla. 2013)).

4. Thus, "in pleading an affirmative defense, the pleader must set forth a short and plain statement of the defense[,] and must include either direct or inferential allegations as to all elements of the defense asserted. Assertions of legal conclusions unsupported by facts are not sufficient as affirmative defenses." *Id.* (quoting Tracey Bateman Ferrell et al., 27 Federal Procedure, Lawyer's Edition § 62:94 (June 2014)).

5. On August 1, 2016, the Defendants filed their "Answer and Counterclaims". *See* Dkt. No. 34. Therein, ten "affirmative defenses" were asserted. Each "affirmative defense" is a single sentence basically stating the following: (1) The Plaintiff's Complaint fails to state a claim upon which relief can be granted[1]; (2) Plaintiff's claims are barred by the doctrines of waiver, estoppel, latches (sic), and unclean hands; (3) Plaintiff failed to mitigate damages allegedly sustained in Complaint; (4) Plaintiff is culpable for its comparative negligence[2]; (5) Plaintiff lacks capacity to maintain the claims in the Complaint; (6) Plaintiff lacks standing; (7) Plaintiff's claims are barred by the applicable statute of limitations; (8) the Court does not have personal jurisdiction over the named Defendants; (9) Plaintiff does not own the Trademarks and Intellectual Property that is the subject matter of the Complaint[3]; and (10) the Court lacks subject matter jurisdiction over the Plaintiff's claims.

---

[1] "Nonetheless, assuming the failure to state a claim defense is legally sufficient, the defense itself is a bare conclusion of law and provides no indication or notice to Plaintiff how the complaint fails to state a claim. As such, the defense is stricken as insufficiently pled." *J&J Sports Prods., Inc. v. Delgado*, 2013 WL 3288564, at *2 (E.D. Cal. June 28, 2013).

[2] Of course, the Plaintiff has not asserted a negligence claim, so this "defense" is patently frivolous.

[3] This is the only "affirmative defense" that could arguably survive Plaintiff's Motion to Strike, and that's only because it's not a defense. It's a denial of an element of Plaintiff's prima facie case for trademark infringement. "In attempting to controvert an allegation in the complaint, a defendant occasionally may label his negative averment as an affirmative defense rather than as a specific denial." *Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, 2007 WL 2412834, at *2 (S.D. Fla. Aug. 21, 2007) (quoting Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1269 (3d ed. 2004)).

6. These are all "bare bones" legal conclusions that are insufficiently pled as they fail to give the Plaintiff and the Court fair notice of the stated defense. *See Perlman*, 2014 WL 4449602, at *2 ("Affirmative defenses 4, 16-17, 19, 22, 28-37, and 41 state legal doctrines or terms, but neither state how or why such defenses might apply to Plaintiff's claims, nor state facts in support of their application.")

7. "Conclusory statements do not satisfy Federal Rule of Civil Procedure 8(a), and Defendant[s] cannot require the Court to identify which facts support each defense." *Id.*

8. Furthermore, the affirmative defense of Plaintiff's incapacity to bring this action, (No. 5, *supra*), must be supported by facts that are peculiarly within the Defendants' knowledge. *See* Rule 9(a)(2), Fed.R.Civ.P.

9. Additionally, the personal jurisdiction defense is patently frivolous since it is undisputed that the Defendants are citizens of this District and either reside or have their principal place of business in this District. *See* Defendants' Counterclaims, Dkt. No. 34, ¶¶ 1-2.

10. Likewise, it cannot seriously be disputed that this Court has federal question subject matter jurisdiction over the claims asserted by Plaintiff under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, The All Writs Act, 28 U.S.C. § 1651, and the Plaintiff's state law claim of unfair competition pursuant to the supplemental jurisdiction statute, 28 U.S.C. § 1367.

11. "Without some factual allegation in the [affirmative defense], it is hard to see how a [defendant] could satisfy the requirement of providing not only 'fair notice' of the nature of the [defense], but also 'grounds' on which the [defense] rests." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (explaining the need for factual support to give defendant fair notice of claims, but equally applicable to defenses.)

---

"When this occurs, the proper remedy is not to strike the claim, but rather to treat it as a specific denial." *Id.*

12. Courts have "broad discretion in disposing of motions to strike." *Home Mgmt. Solutions,* 2007 WL 2412834, at *2. Accordingly, for the reasons set forth herein, the Defendants' "affirmative defenses" should be stricken.

13. Additionally, the Defendants' Counterclaim contains averments numbered 37-38 that accuse Peter M.H. Rutten, the Plaintiff's Managing Director, and other Vialle personnel of being engaged in self-dealing and fraudulent activities in connection with the bankruptcy of Vialle Alternative Fuel Systems BV, a company related to the Plaintiff. Such averments are immaterial, impertinent, scandalous, and should be stricken pursuant to Rule 12(f), Fed.R.Civ.P. Such allegations have no possible relation to the controversy before the Court and are calculated to cast the Plaintiff in an unfavorable and prejudicial light with the Court and any third parties who become privy to these proceedings.

14. Pursuant to L.R. 7.1(a)(3), undersigned counsel has made reasonable efforts to confer with Defendants concerning the relief sought herein by sending electronic correspondence to the Defendants' counsel of record providing a detailed statement of the legal authority and support for the relief sought on July 16th. A copy of that email is attached hereto as Plaintiff's Exhibit "A". At the time of filing this Motion, undersigned counsel has received no response from the Defendants. Pursuant to the Federal Rules of Civil Procedure, the deadline for filing this motion is Monday, August 22nd.

WHEREFORE PREMISES CONSIDERED, the Plaintiff respectfully requests that the Court STRIKE the Defendants' affirmative defenses and averments 37-38 in Defendants' Counterclaim (Dkt. No. 34) and for all such further and additional relief as deemed necessary and just.

Respectfully submitted,

/s/ *Brian D. Hancock*
Brian D. Hancock (Fla. Bar No. 107341)
bhancock@twwlawfirm.com
TAYLOR, WARREN & WEIDNER, P.A.
1823 N. 9th Avenue
Pensacola, FL 32503
Telephone: (850) 438-4899
Facsimile: (850) 438-4044
Attorney for Plaintiff Vialle Group, B.V.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing and all attached exhibits were served via the CM/ECF system on August 19, 2016 on all counsel or parties of record on the Service List below.

/s/ *Brian D. Hancock*
Brian D. Hancock (Fla. Bar No. 107341)

Service List:
W. Trent Steele, Esq.
Michael A. Gort, Esq.
STEELE LAW
10995 SE Federal Highway, Suite 9
Hobe Sound, FL 33455
Telephone: (772) 408-6969
Email: e-service@trentsteele.com
Attorneys for Defendants