**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO. 2:16-cv-14207-RLR

VIALLE GROUP, B.V.,

       Plaintiff,

vs.

GREEN WING GROUP, INC. and
SEAN P. BARRETT,

       Defendants.
_____/

**PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

    Plaintiff Vialle Group, BV, pursuant to Rule 12(b)(6), Fed.R.Civ.P., hereby moves to dismiss Defendants Green Wing Group, Inc. and Sean P. Barrett's "Counterclaims" filed and served on August 1, 2016, (Dkt. No. 34), for failure to state a claim upon which relief can be granted. In support hereof, Plaintiff states the following:

    **I.    LEGAL STANDARD**

    To adequately plead a claim for relief, Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Under Rule 12(b)(6), a motion to dismiss should be granted only if the complainant is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). When determining whether a claim has facial plausibility, "a court must view a complaint in the light most favorable to the plaintiff and accept all of the plaintiff's well-pleaded facts as true." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007).

However, the Court need not take allegations as true if they are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. "Mere labels and conclusions or a formulaic recitation of the elements of a cause of action will not do, and a plaintiff cannot rely on naked assertions devoid of further factual enhancement." *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013). "[I]f the allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012). "The plausibility standard 'calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the defendant's liability." *Miyahira v. Vitacost.com*, 715 F.3d 1257, 1265 (11th Cir. 2013) (quoting *Twombly*, 550 U.S. at 556.) In short, the complaint must not merely allege misconduct, but must demonstrate that the pleader is entitled to relief. *See Iqbal*, 556 U.S. at 679.

## II.    ARGUMENT

Defendants' "Counterclaims" is nothing more than an almost word-for-word recreation of the Affidavit of Defendant Sean P. Barrett, submitted to this Court on July 26, 2016, (Dkt. No. 28), with what appears to be the addition of a formulaic recitation of the elements of a tortious interference with business relationship claim under Florida law. Although there are no counts setting forth and identifying the "Counterclaims" asserted by Defendants, paragraphs 44-48 of the Defendants' filing provide the threadbare recital of the elements of a tortious interference claim, supported by mere conclusory statements of intentional and malicious misconduct on the part of the Plaintiff.[1]

The elements of a tortious interference claim are as follows: (1) the existence of a business relationship, not necessarily evidenced by an enforceable contract; (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and

---

[1] All other averments in the "Counterclaims" are taken directly from the previously filed Barrett Affidavit and recount the alleged history of the business relationship between a Vialle entity related to the Plaintiff, Vialle Alternative Fuel Systems B.V., and the Defendants during 2014 and 2015.

(4) damage to the plaintiff as a result of the breach of the relationship.  *See Tamiami Trail Tours, Inc. v. Cotton*, 463 So. 2d 1126, 1127 (Fla. 1985).

Paragraph 44 of the Defendants' "Counterclaims" reads "[A]fter Vialle filed bankruptcy, [Green Wing] continued to market, sell, and work with its customers in the [United States, Canada, and Mexico] to sell the Vialle technology to potential customers and development partners including Clean Fuel USA, New Eagle, Roush, Westport, UPS, Powertrain Integratoin, Navistar, and Utilimaster, and the City of Chicago (hereinafter collectively "Customers")."  *See* Element 1, *supra*.

Paragraph 45 reads "[Plaintiff] and its CEO Peter Rutten are aware of the identity of each of [Green Wing's] Customers and the business relationship [Green Wing] has with these customers."  *See* Element 2, *supra*.

Paragraph 46 reads "[Plaintiff] contacted [Green Wing's] Customers and intentionally misrepresented the fact to [Green Wing's] Customers that [Green Wing] had no rights to Vialle's Patents, Trademarks or IP and that the Customer should cease doing business with [Green Wing]."  *See* Element 3, *supra*.

Paragraph 47 reads "[Plaintiff] made these statements to [Green Wing's] Customers intentionally and maliciously in order to interfere with [Green Wing's] business relationship with its Customers."  *See* Element 3, *supra*.

Paragraph 48 reads "[a]s a direct and proximate result of [Plaintiff's] intentional and malicious misrepresentations of facts to [Green Wing's] Customers, [Green Wing's] relationships with its Customers has been damaged."[2]  *See* Element 4, *supra*.

---

[2] Interestingly, in the *ad damnum* portion of the Counterclaim, the Defendants seek "moneys expended by Green Wing Group, Inc., and for damages to Green Wing Group's relationships with its customers from misrepresentations made by Vialle to Green Wing Group's customers."  (Emphasis added.)  Presumably, these "moneys expended by Green Wing Group" is referring to the alleged $511,000 that Green Wing "shareholders invested…for the development and marketing of an EPA certified Vialle LPG conversion system" as well as the $326,000 Green Wing alleges it spent to assist Plaintiff's related entity, Vialle Alternative Fuel Systems B.V., "with obtaining PE Approval and Emissions Certification."  *See* Defendants' Counterclaim, Dkt. No. 34, ¶¶ 9, 15.  Even if the Court assumes the truth of these averments, it is clear from the face of the "Counterclaims" that this

Thus, the Defendants have provided only a threadbare recitation of the elements of a tortious interference claim, supported by minimal conclusory statements, and their claim is due to be dismissed. It is not enough to aver a "mere offer to sell" in order to survive a motion to dismiss. *See Duty Free Americas, Inc. v. Estee Lauder Companies, Inc.*, 797 F.3d 1248, 1279-80 (11th Cir. 2015) (quoting *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812, 814 (Fla. 1994)) ("A mere offer to sell, however, does not, by itself, give rise to sufficient legal rights to support a claim of intentional interference with a business relationship.") A protected business relationship, for purposes of a tortious interference claim, requires a showing of "an actual and identifiable understanding or agreement *which in all probability would have been completed* if the defendant had not interfered." *Duty Free Americas, Inc. v. Estee Lauder Companies, Inc.*, 946 F.Supp.2d 1321, 1338 (S.D. Fla. 2013) (quoting *Ethan Allen,* 647 So. 2d at 814-815.) (Emphasis added.)

The Defendants' Counterclaims fail to aver any such relationship between them and the laundry list of third-parties named in paragraph 44. Furthermore, "[i]f a defendant interferes with a contract in order to safeguard a preexisting economic interest of his own, the defendant's right to protect his own established economic interest outweighs the plaintiff's right to be free of interference, and his actions are usually recognized as privileged and nonactionable." *Duty Free Americas*, 797 F.3d at 1280 (11th Cir. 2015). "[W]here there is no contract right to have the relation continued, but only an expectancy[,]…a competitor has the privilege of interference in order to acquire the business for himself." *Id.* The Defendants fail to sufficiently allege an actual or identifiable understanding or agreement that "in *all probability* would have been completed if [Plaintiff] had not interfered, and therefore fails to allege a protected business relationship."

---

was money spent prior to the termination of Plaintiff's business relationship with the Defendants and any subsequent tortious "misrepresentations" to Green Wing "Customers". Thus, it is unclear how this money constitutes damage to the Defendants as a result of the tortious breach of the relationship between the Defendants and their "Customers". *See* Element 4, *supra*.

*Duty Free Americas*, 946 F.Supp.2d at 1339 (S.D. Fla. 2013).  (Emphasis in the original.)

      WHEREFORE PREMISES CONSIDERED, the Plaintiff respectfully requests that the Court dismiss the Defendants' "Counterclaims", (Dkt. No. 34), and for all such further and additional relief as deemed necessary and just.

                                      Respectfully submitted,

                                      /s/ *Brian D. Hancock*
                                      Brian D. Hancock (Fla. Bar No. 107341)
                                      bhancock@twwlawfirm.com
                                      TAYLOR, WARREN & WEIDNER, P.A.
                                      1823 N. 9th Avenue
                                      Pensacola, FL 32503
                                      Telephone: (850) 438-4899
                                      Facsimile: (850) 438-4044
                                      Attorney for Plaintiff Vialle Group, B.V.

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing and all attached exhibits were served via the CM/ECF system on August 19, 2016 on all counsel or parties of record on the Service List below.

                                      /s/ *Brian D. Hancock*
                                      Brian D. Hancock (Fla. Bar No. 107341)

Service List:
W. Trent Steele, Esq.
Michael A. Gort, Esq.
STEELE LAW
10995 SE Federal Highway, Suite 9
Hobe Sound, FL 33455
Telephone: (772) 408-6969
Email: e-service@trentsteele.com
Attorneys for Defendants