**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**
CASE NO. 2:16-cv-14207-RLR

VIALLE GROUP, B.V.,

       Plaintiff,

vs.

GREEN WING GROUP, INC. and
SEAN P. BARRETT,

       Defendants.
_____/

**PLAINTIFF'S MOTION TO DISMISS DEFENDANT GREEN WING
GROUP, INC.'S COUNTERCLAIM FOR FAILURE TO STATE A CLAIM
UPON WHICH RELIEF CAN BE GRANTED**

Plaintiff Vialle Group, BV, pursuant to Rule 12(b)(6), Fed.R.Civ.P., hereby moves to dismiss Defendant Green Wing Group, Inc.'s "Counterclaims" filed and served on September 9, 2016, (Dkt. No. 50), for failure to state a claim upon which relief can be granted. In support hereof, Plaintiff states the following:

**I.    LEGAL STANDARD**

To adequately plead a claim for relief, Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Under Rule 12(b)(6), a motion to dismiss should be granted only if the complainant is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). When determining whether a claim has facial plausibility, "a court must view a complaint in the light most favorable to the plaintiff and accept all of the plaintiff's well-pleaded facts as true." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007).

However, the Court need not take allegations as true if they are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. "Mere labels and conclusions or a formulaic recitation of the elements of a cause of action will not do, and a plaintiff cannot rely on naked assertions devoid of further factual enhancement." *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013). "[I]f the allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012). "The plausibility standard 'calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the defendant's liability." *Miyahira v. Vitacost.com*, 715 F.3d 1257, 1265 (11th Cir. 2013) (quoting *Twombly*, 550 U.S. at 556.) <u>*In short, the complaint must not merely allege misconduct, but must demonstrate that the pleader is entitled to relief.*</u> *See Iqbal*, 556 U.S. at 679.

## II.    ARGUMENT

Defendant Green Wing Group, Inc.'s amended "Counterclaims" is nothing more than an insufficient "tweaking" of Defendants' previously filed "Counterclaims", (Dkt. No. 34), which was itself nothing more than an almost word-for-word recreation of the Affidavit of Defendant Sean P. Barrett, submitted to this Court on July 26, 2016, (Dkt. No. 28), with the addition of a formulaic recitation of the elements of a tortious interference with business relationship claim under Florida law. Once again, Green Wing has failed to sufficiently plead a claim upon which relief can be granted.

The elements of a tortious interference claim are as follows: (1) the existence of a business relationship, not necessarily evidenced by an enforceable contract; (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the breach of the relationship. *See Tamiami Trail Tours, Inc. v. Cotton*, 463 So. 2d 1126, 1127 (Fla. 1985).

Paragraph 31 of Green Wing's amended "Counterclaims", (formerly paragraph 44), reads "From and after May 19, 2015, [Green Wing] continued to market and sell the former Vialle Products to its customers and developed several

major potential customer projects throughout the Territory [i.e., Canada, the United States, and Mexico]." *See* Element 1, *supra*.

Interestingly, Green Wing now adds a new averment that wasn't present in the original counterclaim. It reads as follows:

> Without disclosing the identity of the specific customers, [Green Wing] developed projects with its customers in the Territory, including but not limited to, (a) a project with a liquid conversion system manufacturer to sell them certain pumps from the former Vialle Products; (b) a joint-venture agreement with another liquid conversion system manufacturer to incorporate the former Vialle Products into its conversion systems; (c) a mutually (sic) marketing agreement with another customer to sell financed Products throughout the Territory.

*See* ¶ 32, Counterclaims, Dkt. No. 50.

This new averment is clearly meant to bolster Green Wing's pleading as to Element 1 of the tortious interference claim. In paragraphs 30 and 34 of the amended Counterclaim, Green Wing also avers for the first time that it had "secured" orders with unidentified third party "customers" for 1,000,000 Euros and that these €1,000,000 orders had been "placed" at the time of the Plaintiff's alleged tortious interference. Who these third-party customers were, or when such a substantial number of orders were placed with Green Wing, is never made known. Likewise, it isn't clear from the Counterclaim's allegations how Green Wing's contradictory averments in paragraphs 13 and 15 which state that without PE Approval and EPA Certifications, Green Wing could not legally sell Vialle Products in the Territory, can be reconciled with Green Wing's averments in paragraphs 30 and 34 that it had already secured €1,000,000 in product orders from unidentified third parties during some unidentified period of time.

The factual allegations supporting the elements of a claim must be sufficient to make the claim plausible; they cannot be merely conceivable, possible, or conclusory. *See Iqbal*, 556 U.S. at 678-79; *see also, e.g., Speaker v. U.S. Dept. of H&HS Ctrs. for Disease Control & Prevention*, 623 F.3d 1371, 1384-85 (11th Cir. 2010) (Plaintiff's claim for Privacy Act violation crossed "line

from conceivable to plausible" when plaintiff's complaint alleged the what, when, and how of the Centers for Disease Control's violation.)

The new averments also fail to identify when the Plaintiff tortuously interfered with Green Wing's protected business relationships by contacting these unidentified third parties to misinform them as to Green Wing's inability to provide Vialle products and services, or who it was that so interfered. "An allegation of time or place is material when testing the sufficiency of a pleading." Rule 9(f), Fed.R.Civ.P.

Thus, once again, the Defendants have provided nothing more than a modestly less threadbare recitation of the elements of a tortious interference claim, supported by minimal conclusory statements involving unidentified third party customers and contradictory assertions of the "placement" of orders. A comparison of the original Counterclaim, (Dkt. No. 34), and the present one, is sufficient to show that Green Wing has tried to sidestep the case law and authorities cited by the Plaintiff in its first motion to dismiss with vague and conclusory allegations that still fail to meet the pleading standards established in *Twombly* and *Iqbal*.

For example, the law is well-established that it is not enough to aver a "mere offer to sell" in order to survive a motion to dismiss. *See Duty Free Americas, Inc. v. Estee Lauder Companies, Inc.*, 797 F.3d 1248, 1279-80 (11th Cir. 2015) (quoting *Ethan Allen, Inc. v. Georgetown Manor, Inc.*, 647 So. 2d 812, 814 (Fla. 1994)) ("A mere offer to sell, however, does not, by itself, give rise to sufficient legal rights to support a claim of intentional interference with a business relationship.") A protected business relationship, for purposes of a tortious interference claim, requires a showing of "an actual and identifiable understanding or agreement *which in all probability would have been completed* if the defendant had not interfered." *Duty Free Americas, Inc. v. Estee Lauder Companies, Inc.*, 946 F.Supp.2d 1321, 1338 (S.D. Fla. 2013) (quoting *Ethan Allen,* 647 So. 2d at 814-815.) (Emphasis added.)

The Defendants' original Counterclaim fails to aver any such relationship between them and any third parties. Original paragraph 44 of the Counterclaim,

(Dkt. No. 34), reads "after Vialle filed bankruptcy, [Green Wing] continued to market, sell, and work with its customers in the Territory to sell the Vialle technology to potential customers and development partners including Clean Fuel USA, New Eagle, Roush, Westport, UPS, Powertrain Integration, Navistar, and Utilimaster, and the City of Chicago." The failure of such an averment to satisfy the pleading requirements set forth in *Duty Free Americas* and *Ethan Allen*, cited *supra*, is self-evident. Thus, Green Wing's need now for "secured" orders "placed" by third parties who are unidentified and who presumably purchased Vialle products at some point in time that, by Green Wing's own allegations, could not legally be sold in the United States.

Furthermore, "[i]f a defendant interferes with a contract in order to safeguard a preexisting economic interest of his own, the defendant's right to protect his own established economic interest outweighs the plaintiff's right to be free of interference, and his actions are usually recognized as privileged and nonactionable." *Duty Free Americas*, 797 F.3d at 1280 (11th Cir. 2015). "[W]here there is no contract right to have the relation continued, but only an expectancy[,]…a competitor has the privilege of interference in order to acquire the business for himself." *Id.* Green Wing still fails to sufficiently allege an actual or identifiable understanding or agreement that "in *all probability* would have been completed if [Plaintiff] had not interfered, and therefore fails to allege a protected business relationship." *Duty Free Americas*, 946 F.Supp.2d at 1339 (S.D. Fla. 2013). (Emphasis in the original.)

WHEREFORE PREMISES CONSIDERED, the Plaintiff respectfully requests that the Court dismiss with prejudice Defendant Green Wing Group, Inc.'s "Counterclaims", (Dkt. No. 50), and for all such further and additional relief as deemed necessary and just.

Respectfully submitted,

/s/ *Brian D. Hancock*
Brian D. Hancock (Fla. Bar No. 107341)
bhancock@twwlawfirm.com
TAYLOR, WARREN & WEIDNER, P.A.
1823 N. 9th Avenue
Pensacola, FL 32503
Telephone: (850) 438-4899
Facsimile: (850) 438-4044
Attorney for Plaintiff Vialle Group, B.V.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing and all attached exhibits were served via the CM/ECF system on September 18, 2016 on all counsel or parties of record on the Service List below.

/s/ *Brian D. Hancock*
Brian D. Hancock (Fla. Bar No. 107341)

Service List:
W. Trent Steele, Esq.
Michael A. Gort, Esq.
STEELE LAW
10995 SE Federal Highway, Suite 9
Hobe Sound, FL 33455
Telephone: (772) 408-6969
Email: e-service@trentsteele.com
Attorneys for Defendants