UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:16-CV-14207-ROSENBERG/LYNCH

VIALLE GROUP, B.V.,

    Plaintiff,

v.

GREEN WING GROUP, INC. & SEAN
P. BARRETT,

    Defendants.
_____/

## MEMORANDUM OPINION AND ORDER

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Preliminary Injunction [DE 7]. The Motion requests preliminary injunctive relief against Defendant Green Wing Group, Inc. ("GWG") and Defendant Sean Barrett. The Court has carefully reviewed the Motion and all filings supporting and opposing the Motion. Upon review, the Court concludes that there is no dispute of fact in the evidence before the Court sufficient to necessitate an evidentiary hearing. The Court finds that the following facts have been established by a preponderance of the evidence:

### FINDINGS OF FACT

1. Plaintiff owns a federally registered trademark "Vialle" for equipment and parts for vehicle engines and liquefied petroleum gas tanks for cars, trucks, buses, motorcycles, and boats. DE 8 at 2.

2. Plaintiff entered into an Exclusive Distribution Agreement with Defendant GWG on February 22, 2014 wherein Plaintiff agreed to license GWG to assemble, sell, and distribute all Vialle products in the United States. *Id.* at 2-3.

3. The Distribution Agreement was amended on April 10, 2015. *Id.* at 3.

4. After the Distribution Agreement was amended, the parties dispute whether GWG fully complied with the terms and conditions of the agreement. *See id.*

5. On May 19, 2015, Plaintiff notified GWG that it had filed for bankruptcy protection. DE 28 at 9.

6. The Distribution Agreement specified that, in the event Plaintiff entered receivership or ceased operations, GWG would be entitled to the use of Vialle intellectual property. *See id.* at 10; DE 28-1 at 10. The parties dispute whether GWG is entitled to use Vaille's intellectual property pursuant to this provision because the parties dispute whether GWG complied with the terms of the Distribution Agreement prior to Plaintiff's bankruptcy.

7. GWG registered its right to use the Vialle trademark with the United States Patent and Trademark Office on August 20, 2015 based upon the terms of the Distribution Agreement and Plaintiff's bankruptcy. *See id.* at 15.

8. Plaintiff was informed via e-mail on October 10, 2015 that GWG was approaching certain companies and representing that it had exclusive rights to Plaintiff's intellectual property in the United States. DE 8 at 5. Plaintiff responded to this information by, *inter alia*, issuing a cease and desist letter and filing a motion to expunge with the United States Patent and Trademark Office. *Id.* at 7

9. The Vialle product line has been and is presently illegal to sell in the United States because the relevant Vialle products have not completed Emissions Certification with the United States Environmental Protection Agency. *Id.* at 11.

## CONCLUSIONS OF LAW

Based on the above Findings of Fact, the Court makes the following Conclusions of Law:

1. To obtain a preliminary injunction against Defendants, Plaintiff must establish four elements: (1) a substantial likelihood that it will prevail on the merits; (2) a substantial threat that it will suffer irreparable injury if the injunction is not granted; (3) that the threatened injury to Plaintiff outweighs the harm an injunction may cause to Defendants; and (4) that granting the injunction will not disserve the public interest. *See Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994).

2. Because a preliminary injunction is "an extraordinary and drastic remedy," it may not be granted unless the moving party "clearly carries the burden of persuasion as to the four prerequisites." *Id.* (internal quotation marks omitted).

3. Plaintiff has not carried its burden to prove that there is a substantial threat it will suffer irreparable injury if an injunction is not granted. *See Church*, 30 F.3d at 1342. First, Plaintiff's delay in seeking injunctive relief is fatal to any claim of irreparable harm. Second, Plaintiff has failed to prove that any harm it has suffered cannot simply be compensated with monetary damages.

4. "[P]reliminary injunctions are generally granted under the theory that there is an urgent need for speedy action to protect the plaintiffs' rights. Delay in seeking enforcement of those rights, however, tends to indicate at least a reduced need for such drastic, speedy action." *Citibank, N.A. v. Citytrust*, 756 F.2d 273, 276 (2d Cir. 1985). "Delay, or too much of it, indicates that a suit or request for injunctive relief is more about gaining an advantage (either a commercial or litigation advantage) than protecting a party from irreparable harm." *Pippin v. Playboy Entm't Grp., Inc.*, No. 8:02CV2329T30EAJ, 2003 WL 21981990, at *2 (M.D. Fla. July 1, 2003).

5. In trademark cases, delay alone may serve as the basis for denial of injunctive relief. *See*

*Citibank*, 756 F.2d at 276 ("Significant delay in applying for injunctive relief in a trademark case tends to neutralize any presumption that infringement alone will cause irreparable harm pending trial, and such delay alone may justify denial of a preliminary injunction for trademark infringement."). Courts in the Southern District and elsewhere have rejected injunctive relief based upon a party's delay in filing a motion seeking that extraordinary relief. *See, e.g.*, *Love v. Blue Cross & Blue Shield of Ariz., Inc.*, No. 03–21296–CIV, 2010 WL 1249120, at *5 (S.D. Fla. Mar. 25, 2010); *Seiko Kabushiki Kaisha v. Swiss Watch Int'l, Inc.*, 188 F. Supp. 2d 1350, 1355 (S.D. Fla. 2002); *see also Badillo v. Playboy Entm't Grp., Inc.*, No. 8:04-CV-591-T-30TBM, 2004 WL 1013372, at *2 (M.D. Fla. Apr. 16, 2004); *Pippin*, 2003 WL 21981990, at *2.

6. Here, GWG first registered its right to use the Vialle trademark on August 20, 2015. DE 28 at 15. Plaintiff was informed via e-mail on October 10, 2015 that GWG was approaching certain companies and representing that it had exclusive rights to Plaintiff's patents in the United States. DE 8 at 5. Plaintiff did not move for injunctive relief until June 14, 2016. Although the Court recognizes that Plaintiff issued cease and desist letters to GWG and filed a petition to expunge with the United Stated Patent and Trademark Office, the delay at issue here is not a delay of one, two, or even three months. DE 8 at 7. Plaintiff waited almost a year after GWG registered its trademark rights and eight months after learning about GWG's representations to companies in the industry before seeking injunctive relief. Accordingly, Plaintiff's significant delay in requesting injunctive relief means it cannot demonstrate that there is a substantial threat that it will suffer any irreparable harm if its request for injunctive relief is not granted.

7. Even if this Court were to find that Plaintiff's delay in seeking injunctive relief is not fatal to

its claim of irreparable injury, Plaintiff has failed to demonstrate that any truly irreparable injury will occur in the absence of injunctive relief.

8. Where the threat to a plaintiff's goodwill and reputation is minimal, courts have found that the plaintiff may be compensated sufficiently with monetary damages. *Seiko Kabushiki Kaisha*, 188 F. Supp. 2d at 1355; *cf. Hi-Tech Pharm., Inc. v. Herbal Health Prods., Inc.*, 311 F. Supp. 2d 1353, 1358 (N.D. Ga. 2004) *aff'd*, 132 F. App'x 348 (11th Cir. 2005) (per curiam) (finding no substantial threat of irreparable injury where the plaintiff's allegations of irreparable harm were "contradicted by . . . testimony that sales of Stamina–Rx have exceeded $3 million in the last month, and the product is currently on back-order"). Here, Vialle products are illegal to sell in the United States.[1] DE 28 at 11. Plaintiff cannot sell Vaille products in the United States. *Id.* In light of the illegal status of the Vialle product line, Plaintiff has not carried its clear burden of persuasion that there is a substantial threat of irreparable injury, such that it is necessary for a preliminary injunction to issue.

9. Furthermore, in light of the illegal status of the Vialle product line, Plaintiff has not proffered persuasive or substantial evidence that it is suffering reputational injuries, particularly in light of the fact that Plaintiff previously agreed pursuant to the Distribution Agreement to permit GWG to perform the very actions GWG is now being sued for. This is ultimately a breach of contract case—either GWG's actions were authorized under the Distribution Agreement or its actions were unauthorized. In the interim, Plaintiff has not carried its burden to establish that its alleged reputational damages are such that it cannot be compensated with monetary damages.

---

[1] Plaintiff has not rebutted this evidentiary assertion by GWG.

## ORDER

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion for Preliminary Injunction [DE 7] is **DENIED**.

**DONE AND ORDERED** in Chambers, Fort Pierce, Florida, this 26th day of October, 2016.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of record