UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 2:16-cv-14207-RLR

VIALLE GROUP, B.V.,

    Plaintiff,

vs.

GREEN WING GROUP, INC. and
SEAN P. BARRETT,

    Defendants.
_____/

## PLAINTIFF'S MOTION FOR SANCTIONS

Plaintiff Vialle Group, B.V., pursuant to Rule 37(b)(2), Fed.R.Civ.P., hereby moves this Court for sanctions against Defendant Green Wing Group, Inc. and Defendant Sean P. Barrett for failing to comply with this Court's Order on Plaintiff's Motion to Compel Discovery (D.E. 59) dated December 20, 2016 (the "Court's Order").

### INTRODUCTION

During the course of this litigation, the Defendants have failed to comply with this Court's orders on at least four separate occasions.[1] On August 5, 2016, Judge Rosenberg issued a paperless order, (D.E. 39), in which she stated the following:

> [W]hile the Court offers Defendants the benefit of the doubt in this instance, it will not be inclined to do so should the situation arise again. This is not the first time Defendants have failed to adhere to the deadlines in this case. See DE 31 (order requiring Defendants to respond to Plaintiff's Complaint, entered one week after the deadline to respond had passed). *The Court admonishes Defendants that such behavior is disrespectful both to opposing counsel and to the Court, unnecessarily consumes time and resources, and will not be tolerated in the future*.

---

[1] The Orders that the Defendants have failed to timely or sufficiently comply with are designated on the Court's docket for this case as D.E. 24, D.E. 31, D.E. 58, and D.E. 59, the last of which is the subject of this Motion.

(Emphasis added.)[2]

The Court's Order required Defendant Green Wing Group, Inc. to provide written responses to the Plaintiff's First Requests for Production. It also ordered Defendant Sean P. Barrett to fully respond to the Plaintiff's First Requests for Production.[3] Lastly, the Court's Order required the Defendants to "jointly and severally pay to counsel for the Plaintiff the sum of $500.00…as reasonable attorney's fees for having to bring this motion for Court intervention in the discovery process." These actions by Defendants were ordered to take place by January 20, 2017. To date, the Defendants have failed to so comply and have provided no reason whatsoever for their failure.

## ARGUMENT

1. Rule 37(a)(2), Fed.R.Civ.P., provides for the following sanctions against a party that fails to comply with a court order: (i) that matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) that the disobedient party be prohibited from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) that pleadings be stricken in whole or in part; (iv) that the proceedings be stayed until the order is obeyed; (v) that the action be dismissed in whole or in part; (vi) that a default judgment be rendered against the

---

[2] The Plaintiff wishes to unequivocally make clear that it has no indication or reason to believe that defense counsel of record, Michael A. Gort of Steele Law, was complicit in the Defendants' failures to repeatedly comply with Court orders or instructed the Defendants not to comply. Accordingly, the Plaintiff is not seeking sanctions against defense counsel or his firm.

[3] Plaintiff's Motion to Compel Discovery, (D.E. 56), dated November 30, 2016, requested that "the Court order Defendant Barrett to fully and completely respond to the Plaintiff's First Interrogatories and Request for Production Nos. 22, 24, and 25" and "Defendant Green Wing to fully and completely respond to the Plaintiff's First Interrogatories and Requests for Production." On December 19, 2016, the Defendants provided sworn responses to the Plaintiff's Interrogatories. The Court's Order on Plaintiff's Motion to Compel, (D.E. 59), was filed on December 20, 2016. To date, however, Defendant Green Wing Group, Inc. has provided no response to the Plaintiff's First Requests for Production and Defendant Barrett has failed to provide documents responsive to Requests for Production Nos. 22, 24, and 25. The Defendants' provision of sworn interrogatory responses one day prior to the Court entering its Order compelling discovery, and 19 days after the Plaintiff filed its Motion to Compel, does not relieve the Defendants of sanctions for failure to timely respond to Plaintiff's discovery requests. *See* Rule 37(a)(5)(A), Fed.R.Civ.P. Hence, the Court's award of $500 to Plaintiff's counsel in its Order is proper.

disobedient party; and (vii) that the failure to comply with the court's order be treated as contempt of court.

2. The Plaintiff seeks sanctions against the Defendants pursuant to Rule 37(b)(2)(A)(vi) and (vii), *supra*. The Plaintiff also seeks payment from the Defendants of reasonable expenses, including attorney's fees, caused by the Defendants' failure to comply with the Court's Order. *See* Rule 37(b)(2)(C), Fed.R.Civ.P.

3. In order to hold a party in contempt, the Court must determine whether there is clear and convincing evidence that (1) the allegedly violated order was valid and lawful; (2) the order was clear, definite and unambiguous; and (3) the alleged violator had the ability to comply with the order. *Brauchle v. Southern Sports Grill, Inc.*, 2008 WL 4753707, at *1 (S.D. Fla. Oct. 27, 2008) (citing *McGregor v. Chierico*, 206 F.3d 1378, 1383 (11th Cir. 2000)). Once the moving party makes a prima facie showing that the other party violated the court's discovery order, the non-moving party must prove that it was *impossible* to comply in order to avoid sanctions. *Id.* (citing *In re Chase & Sanborn Corp.*, 872 F.2d 397, 400 (11th Cir. 1989)). (Emphasis added). Moreover, the non-moving party must show that all reasonable efforts were made to comply with the court's order. *Id.* (citing *United States v. Hayes*, 722 F.2d 723, 725-26 (11th Cir. 1984) ("We note generally that the obedience of judicial orders is of paramount importance and that courts do not lightly excuse a failure to comply.")

4. In order to impose the severe sanction of a default judgment, the district court must make a finding of willfulness or bad faith failure to comply with a discovery order. *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993). The Eleventh Circuit has held that entry of default judgment under Rule 37 is only appropriate in instances where "a party's conduct amounts to flagrant disregard and willful disobedience of discovery orders." *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1997). District courts ought not impose this sanction unless court orders have already been violated. *United States v.*

*Certain Real Property Located at Route 1, Bryant, Ala. v. Vehicle One 1989 Chevrolet Caprice*, 126 F.3d 1314, 1317 (11th Cir. 1997).[4]

5. The Plaintiff contends, in accordance with Judge Rosenberg's previous admonishment to Defendants, that the Defendants' failure to comply with the Court's Order and their repeated disregard of this Court's ordered deadlines is contemptuous of this Court's authority and rises to the level of contumacious conduct justifying the imposition of a default judgment.

ACCORDINGLY, the Plaintiff respectfully requests the relief set forth herein and all such further and additional relief as deemed necessary and just.

/s/ *Brian D. Hancock*
Brian D. Hancock (Fla. Bar No. 107341)
bhancock@twwlawfirm.com
TAYLOR, WARREN & WEIDNER, P.A.
1823 N. 9th Avenue
Pensacola, FL 32503
Telephone: (850) 438-4899
Facsimile: (850) 438-4044
Attorney for Plaintiff Vialle Group, B.V.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing and all attached exhibits were served via the CM/ECF system on January 25, 2017 on all counsel or parties of record on the Service List below.

/s/ *Brian D. Hancock*
Brian D. Hancock (Fla. Bar No. 107341)

Service List:
W. Trent Steele, Esq.
Michael A. Gort, Esq.
STEELE LAW
10995 SE Federal Highway, Suite 9
Hobe Sound, FL 33455
Telephone: (772) 408-6969
Email: e-service@trentsteele.com
Attorneys for Defendants

---

[4] The Eleventh Circuit Court of Appeals reviews a district court's imposition of sanctions for abuse of discretion. *Maus v. Ennis*, 513 Fed.Appx. 872, 877 (11th Cir. 2013).