UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 2:16-cv-14207-RLR

VIALLE GROUP, B.V.,

        Plaintiff,

vs.

GREEN WING GROUP, INC. and
SEAN P. BARRETT,

        Defendants.
_____/

## STIPULATED MOTION FOR PERMANENT INJUNCTION

COME NOW the Plaintiff Vialle Group, B.V., ("Plaintiff"), by and through its undersigned counsel, and Defendants Green Wing Group, Inc. and Sean P. Barrett (collectively, the "Enjoined Parties") (Plaintiff and the Enjoined Parties collectively are referred to herein as the "Parties"), by and through their undersigned counsel, and move this Honorable Court for the entry of a permanent injunction consistent with the terms set forth herein. In support of this Motion, the Parties state as follows:

1. The Parties have engaged in good faith negotiations in an effort to resolve this litigation.

2. The Parties have reached an agreement regarding resolution of Plaintiff's claims against the Enjoined Parties, which includes a consent declaratory judgment[1] and the entry of a permanent injunction.

3. The Parties agree that the nature and scope of the permanent injunction should be as follows:

---

[1] The Parties Stipulated Motion for Consent Declaratory Judgment will be submitted to the Court by separate filing.

a. The Enjoined Parties and their respective members, agents, servants, employees, independent contractors, officers, directors, attorneys, partners, subsidiaries, affiliated entities, successors, alter egos and assigns, or any transferee or successor of the businesses or any assets of any of the foregoing, or any privately held entity now or in the future owned in whole or in part by the Enjoined Parties, or controlled by any of them and those acting by, for, on behalf of, or in active concert with any of the Enjoined Parties (collectively, the "Enjoined Parties"), shall be and hereby are immediately enjoined with respect to Plaintiff and its affiliated entities, successors and assigns, as follows:

I. from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell goods and services bearing Plaintiff's **(i)** federally registered trademark "VIALLE" for equipment and parts for vehicle engines and LPG (or liquefied petroleum gas) tanks for cars, trucks, buses, motorcycles, and boats, Reg. No. 3,712,143, registered on the Principal Register of the United States Patent and Trademark Office ("PTO") on November 17, 2009 (the "Word Mark"), or substantially similar marks; and **(ii)** federally registered trademark "⊙" for equipment and parts for vehicle engines and LPG tanks for cars, trucks, buses, motorcycles, and boats, Reg. No. 3,699,025, registered on the Principal Register of the PTO on October 20, 2009 (the "Design Mark"), or substantially similar marks. Collectively, the Word Mark and the Design Mark are referred to herein as the "Marks";

II. from using any logo, trade name or trademark or trade dress which may be calculated to falsely advertise the services or goods of the Enjoined Parties as being sponsored by, authorized by, endorsed by, or in any way associated with Plaintiff or its affiliated entities, successors, assigns, or licenses that use, or have used, the Plaintiff's Marks in commerce;

III. from falsely representing themselves as being connected with Plaintiff or its affiliated entities, successors, assigns, or licensees that use the Plaintiff's Marks in commerce, through sponsorship or association, or engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of the Enjoined Parties are in any way endorsed by, approved by, and/or associated with Plaintiff or its affiliated entities, successors, assigns, or licensees that use, or have used, the Plaintiff's Marks in commerce;

    IV. from using any reproduction, counterfeit, copy, or colorable imitation of the Plaintiff's Marks in connection with the publicity, promotion, sale or advertising of any goods or services offered by the Enjoined Parties;

    V. from affixing, applying, annexing or using in connection with the sale, offer for sale, advertising, distributing, importing, or exporting of any goods or services, a false description or representation, including words or other symbols tending to falsely describe or represent Enjoined Parties' goods or services as being those of Plaintiff or its affiliated entities, successors, assigns, or licensees that use, or have used, the Plaintiff's Marks in commerce, or in any way endorsed by the Plaintiff or its affiliated entities, successors, assigns, or licensees that use, or have used, the Plaintiff's Marks in commerce and from offering such goods in commerce;

    VI. from representing to potential customers, distributors, members of the trade, or third parties of any kind that the Enjoined Parties have legal rights of any kind to any of the Plaintiff's patents and are able to sell products covered by these patents, assign rights under these patents, grant licenses or sublicenses for these patents, or are associated with the Plaintiff and its affiliated entities, successors, assigns, or licensees in any way;

    VII. from engaging in search engine optimization strategies using colorable imitations of the Vialle name or the Plaintiff's Marks and from otherwise unfairly competing with Plaintiff or its affiliated entities, successors, assigns, or licensees that use, or have used, the Plaintiff's Marks in commerce.

  b. Entry of an Order requiring the domain name, www.vialleusa.com, (the "Subject Domain Name"), and any other domain names being used by the Enjoined Parties to engage in the business of marketing, promotion, offering to sell and/or selling goods or services bearing infringements of the Plaintiff's Marks be immediately transferred by the Enjoined Parties, their Registrars, and/or the Registries to Plaintiff's control.

  c. Entry of an Order that, upon Plaintiff's request, the top level domain (TLD) Registry for the Subject Domain Name or its administrator place the Subject Domain Name on Registry Hold status for the remainder of the registration period for the Subject Domain Name,

thus removing it from the TLD zone files maintained by the Registry which links the Subject Domain Name to the IP address where the associated website is hosted.[2]

   d. Entry of an Order that, upon Plaintiff's request, the Internet Corporation for Assigned Names and Numbers ("ICANN") shall take all actions necessary to ensure that the top level domain Registry or its administrator for the Subject Domain Name facilitate the transfer of the Subject Domain Name to the Plaintiff.

   e. Entry of an Order that the Defendants are, within ten (10) days of the date of the Order, to take all necessary action with the PTO pursuant to the Manual of Patent Examining Procedure § 323.01(c) in order to have the Enjoined Parties' erroneous recordation of the Royalty Free Right of Use License dated August 20, 2015, corrected and revoked in the records of the PTO to reflect that the Enjoined Parties have no right, title, or interest of any kind in or to the Plaintiff's patents or Marks.

   4. Upon any breach or violation of any term of this Permanent Injunction by any Enjoined Person, the Plaintiff will notify the Enjoined Person(s) in writing of the breach or violation of any term of this Permanent Injunction.  If the breach of violation is not cured to Plaintiff's satisfaction within ten (10) days of the written notice, the Plaintiff may file a motion or proceeding with this Court to adjudicate the Parties' respective rights and responsibilities under the Permanent Injunction.

   5. The Plaintiff and the Enjoined Parties agree and acknowledge that the Plaintiff is necessarily damaged by each individual breach or violation of any term of this Permanent

---

[2] In order to give practical effect to the Permanent Injunction, courts of this District have granted such relief.  *See Adidas AG v. Adidas2013online.com*, Case No. 13-civ-24398 (S.D. Fla. Feb. 25, 2014) (Dkt. No. 36).  *See also Chanel, Inc. v. herchanel.com*, Case No. 13-civ-61591 (S.D. Fla. July 26, 2013); *Abercrombie & Fitch Trading Co. v. 007fashion.com*, Case No. 13-civ-60272, 2013 WL 495895, at *1 (S.D. Fla. Feb. 7, 2013); *Louis Vuitton Malletier, S.A. v. Bags-Watch-Replicas.org*, Case No. 12-civ-62096, 2012 WL 5398634 (S.D. Fla. Nov. 2, 2012).

Injunction but that it is difficult to quantify the precise amount of damage to the Plaintiff as a result thereof.  The Parties therefore agree in advance to a liquidated amount that necessarily reflects a good faith approximation of the damages to Plaintiff as a result of the breach of violation of any term of this Permanent Injunction.  Such liquidated amount shall be $5,000 for each breach or violation of any terms of this Permanent Injunction.

6. The prevailing Party in any such motion or proceeding to enforce this Permanent Injunction shall be awarded its attorney fees and all costs incurred in it and such other relief as the Court may deem appropriate.

WHEREFORE, the Parties respectfully move this Honorable Court to enter an Order granting this Stipulated Motion for Preliminary Injunction consistent with the terms set forth herein.

 /s/ *Brian D. Hancock*
Brian D. Hancock (Fla. Bar No. 107341)
bhancock@twwlawfirm.com
TAYLOR, WARREN & WEIDNER, P.A.
1823 N. 9th Avenue
Pensacola, FL 32503
Telephone: (850) 438-4899
Facsimile: (850) 438-4044
Attorney for Plaintiff Vialle Group, B.V.

 /s/ *Michael A. Gort   (w/ permission)*
Michael A. Gort (Fla. Bar No. 73809)
STEELE LAW
10995 SE Federal Highway, Suite 9
Hobe Sound, FL 33455
Telephone: (772) 408-6969
Email: e-service@trentsteele.com
Attorneys for Defendants Green Wing Group, Inc. and Sean P. Barrett