UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 2:16-CV-14207-ROSENBERG/LYNCH

VIALLE GROUP, B.V.,

    Plaintiff,

v.

GREEN WING GROUP, INC. and
SEAN P. BARRETT,

    Defendants.
_____/

**ORDER GRANTING STIPULATED MOTION FOR PERMANENT INJUNCTION**

**THIS CAUSE** came before the Court upon the Stipulated Motion for Permanent Injunction [DE 67] filed by Plaintiff VIALLE GROUP, B.V., ("VIALLE"), and Defendants GREEN WING GROUP, INC., a Florida corporation ("GREEN WING"), and SEAN P. BARRETT, individually ("BARRETT") (Green Wing and Barrett collectively referred to herein as the "Enjoined Parties") (Vialle and the Enjoined Parties collectively are referred to herein as the "Parties"). The Court has carefully reviewed the Motion, notes that the Motion is stipulated, and is otherwise fully advised in the premises. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Parties' Stipulated Motion for Permanent Injunction [DE 67] is **GRANTED** as follows:

The Enjoined Parties and their respective members, agents, servants, employees, independent contractors, officers, directors, attorneys, partners, subsidiaries, affiliated entities, successors, alter egos and assigns, or any transferee or successor of the businesses or any assets of any of the foregoing, or any privately held entity now or in the future owned in whole or in part by the Enjoined Parties, or controlled by any of them and those acting by, for, on behalf of,

or in active concert with any of the Enjoined Parties, shall be and hereby are immediately enjoined with respect to Plaintiff and its affiliated entities, successors, assigns, and licensees as follows:

    A.

        I.    from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell goods and services bearing Plaintiff's **(i)** federally registered trademark "VIALLE" for equipment and parts for vehicle engines and LPG (or liquefied petroleum gas) tanks for cars, trucks, buses, motorcycles, and boats, Reg. No. 3,712,143, registered on the Principal Register of the United States Patent and Trademark Office ("PTO") on November 17, 2009 (the "Word Mark"), or substantially similar marks; and **(ii)** federally registered trademark "[logo]" for equipment and parts for vehicle engines and LPG tanks for cars, trucks, buses, motorcycles, and boats, Reg. No. 3,699,025, registered on the Principal Register of the PTO on October 20, 2009 (the "Design Mark"), or substantially similar marks. Collectively, the Word Mark and the Design Mark are referred to herein as the "Marks";

        II.    from using any logo, trade name or trademark or trade dress which may be calculated to falsely advertise the services or goods of the Enjoined Parties as being sponsored by, authorized by, endorsed by, or in any way associated with Plaintiff or its affiliated entities, successors, assigns, or licensees that use, or have used, the Plaintiff's Marks in commerce;

        III.    from falsely representing themselves as being connected with Plaintiff or its affiliated entities, successors, assigns, or licensees that use the Plaintiff's Marks in commerce, through sponsorship or association, or engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of the Enjoined Parties are in any way endorsed by, approved by, and/or associated with Plaintiff or its affiliated entities, successors, assigns, or licensees that use, or have used, the Plaintiff's Marks in commerce;

        IV.    from using any reproduction, counterfeit, copy, or colorable imitation of the Plaintiff's Marks in connection with the publicity, promotion, sale or advertising of any goods or services offered by the Enjoined Parties;

        V.    from affixing, applying, annexing or using in connection with the sale, offer for sale, advertising, distributing, importing, or exporting of any goods or services, a false description or representation, including words or other symbols tending to falsely describe or represent Enjoined Parties' goods or services as being those of Plaintiff or its affiliated entities, successors, assigns, or licensees that use, or have used, the Plaintiff's Marks in commerce, or in any way

endorsed by the Plaintiff or its affiliated entities, successors, assigns, or licensees that use, or have used, the Plaintiff's Marks in commerce and from offering such goods in commerce;

VI. from representing to potential customers, distributors, members of the trade, or third parties of any kind that the Enjoined Parties have legal rights of any kind to any of the Plaintiff's patents and are able to sell products covered by these patents, assign rights under these patents, grant licenses or sublicenses for these patents, or are associated with the Plaintiff and its affiliated entities, successors, assigns, or licensees in any way;

VII. from engaging in search engine optimization strategies using colorable imitations of the Vialle name or the Plaintiff's Marks and from otherwise unfairly competing with Plaintiff or its affiliated entities, successors, assigns, or licensees that use, or have used, the Plaintiff's Marks in commerce.

B. The Enjoined Parties, their Registrars, and/or Registries are hereby required to immediately transfer to Plaintiff's control the domain name, www.vialleusa.com, (the "Subject Domain Name"), and any other domain names being used by the Enjoined Parties to engage in the business of marketing, promotion, offering to sell and/or selling goods or services bearing infringements of the Plaintiff's Marks.

C. Upon Plaintiff's request, the top level domain (TLD) Registry for the Subject Domain Name or its administrator shall place the Subject Domain Name on Registry Hold status for the remainder of the registration period for the Subject Domain Name, thus removing it from the TLD zone files maintained by the Registry which links the Subject Domain Name to the IP address where the associated website is hosted.

D. Upon Plaintiff's request, the Internet Corporation for Assigned Names and Numbers ("ICANN") shall take all actions necessary to ensure that the top level domain Registry or its administrator for the Subject Domain Name facilitate the transfer of the Subject Domain Name to the Plaintiff.

E. The Enjoined Parties are, within ten (10) days of the date of this Order, to take all necessary action with the United States Patent and Trademark Office, ("PTO"), pursuant to the Manual of Patent Examining Procedure § 323.01(c), in order to have the Enjoined Parties' erroneous recordation of the Royalty Free Right of Use License dated August 20, 2015, corrected and revoked in the records of the PTO to reflect that the Enjoined Parties have no right, title, or interest of any kind in or to the Plaintiff's patents or Marks.

F. Upon any apparent breach or violation of any term of this Permanent Injunction by any Enjoined Person, Vialle will notify the Enjoined Person(s) in writing of the breach or violation of any term of this Permanent Injunction. If the breach of violation is not cured to Vialle's satisfaction within ten (10) days of the written notice, Vialle may file a motion or proceeding with this Court to adjudicate the Parties' respective rights and responsibilities under the Permanent Injunction.

G. Vialle and the Enjoined Parties agree and acknowledge that Vialle is necessarily damaged by each individual breach or violation of any term of this Permanent Injunction but that it is difficult to quantify the precise amount of damage to Vialle as a result thereof. The Parties therefore agree in advance to a liquidated amount that necessarily reflects a good faith approximation of the damages to Vialle as a result of each breach or violation of any term of this Permanent Injunction. Such liquidated amount shall be $5,000 for each breach or violation of any terms of this Permanent Injunction.

H. The prevailing Party in any such motion or proceeding to enforce this Permanent Injunction shall be awarded its attorney fees and all costs incurred in it and such other relief as the Court may deem appropriate.

It is further **ORDERED AND ADJUDGED** that this Permanent Injunction binds the Enjoined Parties immediately. The Court shall have exclusive jurisdiction to hear and decide any disputes arising from any Enjoined Party's compliance, or lack of compliance, with it.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this <u>31st</u> day of March, 2017.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record